{¶ 24} I respectfully dissent from the majority opinion. Prejudgment interest should have been awarded in this case. I believe that Allstate neither rationally evaluated its risks and potential liability nor made a good-faith monetary settlement offer.
 {¶ 25} A determination of a good-faith effort to settle a case requires a figure capable of an objective evaluation. Andre v. CaseDesign, Inc., 154 Ohio App.3d 323, 2003-Ohio-4960, 797 N.E.2d 132, at ¶ 16. In this case, Allstate failed to make such an objective evaluation. In March 1998, Miller's counsel submitted documented medical expenses in excess of $13,000.00 and lost wages of $1,156.00 to Allstate. A year later, George Drabick (Drabick), Allstate's staff claim analyst, utilized Allstate's computer evaluation software to evaluate the value of Miller's claim. However, Drabick entered Miller's medical expenses into the computer at only $3,635.00. When asked at the hearing on Miller's motion for prejudgment interest, Drabick said he arrived at the substantially lower figure because there was a "major theme" of Miller's credibility.
 {¶ 26} It is apparent from the record that Drabick made a subjective determination on the credibility of Miller's claims based on the alleged minimal damage the parties' vehicles sustained. Allstate had no other objective basis by which to attack Miller's credibility. Additionally, at the time of the accident, Miller was only twenty years old, did not have any pre-existing medical conditions, and was free from any pain or discomfort.
 {¶ 27} It appears that Allstate did not consider the medical expenses as provided by Miller's treating doctors, and instead decided early on to make an unfairly low take it or leave it offer or let the matter go to trial. Further evidence of this and of Allstate's lack of good faith early on is Drabick's characterization of Miller's claim as a "DOLF" claim in April 1999. Drabick testified that "DOLF" was an acronym for defense of litigated files. That characterization means that the best offer has been made, and that if rejected, the case will need to be tried. At that time, Allstate's best offer was $2,500.00. Notably, this was based on Drabick's highly subjective evaluation.
 {¶ 28} Although Drabick's assessment of Miller's medical expenses was subjective, the computer determination of a gross settlement range and Drabick's own manual determination of settlement range further illustrates Allstate's lack of good faith. In April 1999, the computer calculated a gross settlement range of $8,471.00 to $9,391.00. Drabick's own manual assessment resulted in a range of $10,000.00 to $12,000.00. Despite these assessments, Allstate's offer remained at $2,500.00.
 {¶ 29} Lastly, the most glaring evidence of a lack of good faith on Allstate's part is reflected in their last and final offer of $5,000.00. This came even after Allstate's own doctor conceded and acknowledged that Miller's medical expenses totaled $4,397.79. This figure combined with Miller's uncontested lost wages of $1,156.00 came to a total of $5553.79, well over $500 short of their last offer.
 {¶ 30} In sum, I believe that Allstate neither rationally evaluated its risks and potential liability nor made a good-faith monetary settlement offer. Therefore, Miller should have been awarded prejudgment interest.